**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 97-2782

DOMINICK LAROSA; CATHERINE
LAROSA,
Defendants-Appellants.

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Deborah K. Chasanow, District Judge.
(CA-96-980-DKC)

Argued: June 4, 1998

Decided: July 10, 1998

Before WILKINSON, Chief Judge, MURNAGHAN, Circuit Judge,
and SMITH, United States District Judge for the
Eastern District of Virginia, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Robert Gerald Nath, ODIN, FELDMAN & PITTLE-
MAN, P.C., Fairfax, Virginia, for Appellants. Annette Marie Wie-
techa, Tax Division, UNITED STATES DEPARTMENT OF
JUSTICE, Washington, D.C., for Appellee. **ON BRIEF:** Loretta C.
Argrett, Assistant Attorney General, Lynne A. Battaglia, United

States Attorney, Richard Farber, Tax Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

This case arises out of a May 1, 1991 settlement between the Internal Revenue Service, Dominick LaRosa, and other taxpayers not relevant to this appeal. The taxpayers in that settlement had underpaid their taxes for the years 1981, 1982, and 1983 but had overpaid their taxes for the years 1984 and 1985. The parties agreed that the underpayments plus penalties and interest totaled approximately $9.7 million while the overpayments plus interest totaled approximately $6.1 million. In settlement of these claims, the Internal Revenue Service received a check for approximately $3.6 million. Subsequently, the IRS, believing it should not have charged interest on the entire amount of the underpayments after the overpayments had occurred, issued refunds totaling approximately $1.5 million. However, it later concluded that these refunds should never have been issued, and the United States filed this suit against Dominick and his wife Catherine to recover the $1.5 million. See 26 U.S.C. § 7405 (authorizing the government to bring a civil action to recover an erroneous refund). The LaRosas counterclaimed, challenging the interest assessed on various fraud penalties and arguing that interest should not have been charged after certain property was seized pursuant to a jeopardy assessment.

The district court granted summary judgment to the United States on both its claim and the LaRosas' counterclaims. With respect to the government's claim, the district court reasoned that the LaRosas were not entitled to the $1.5 million. This was true whether the 1991 settlement was viewed as refunding the LaRosas for the 1984-85 overpay-

2

ments or as crediting those overpayments against the 1981-83 underpayments. If the transaction were treated as a refund, then the LaRosas continued to owe interest on the entire amount of the underpayments until May 1991 and were not entitled to the $1.5 million. If the transaction were treated as a credit, then the LaRosas were not entitled to any interest on the overpayments, since they would be immediately applied to the underpayments. With respect to the counterclaims, the district court reasoned that the particular jeopardy assessment did not stop the accrual of interest on the underpayments and that it lacked jurisdiction to consider the LaRosas' challenge to the interest on the fraud penalties.

Our review of the record, written, and oral submissions of the parties, and the appropriate legal standards persuades us of the correctness of the district court's grant of summary judgment to the United States. We therefore affirm that judgment on the reasoning set forth in the district court's memorandum opinion, United States v. LaRosa, 993 F. Supp. 907 (D. Md. 1997).

AFFIRMED

3